

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2000

# Kreschollek v. Southern Stevedoring Co

Precedential or Non-Precedential:

Docket 99-5599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

## Recommended Citation

"Kreschollek v. Southern Stevedoring Co" (2000). *2000 Decisions.* Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 28, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5599

CARL KRESCHOLLEK,
        Appellant

v.

SOUTHERN STEVEDORING COMPANY; LUMBERMEN'S
MUTUAL CASUALTY COMPANY; ROBERT REICH,
Individually, and in his capacity as Secretary of Labor
and Industry of the United States of America;
DAVID LOTZ, Individually, and in his capacity as D irector
of the Office of Workers' Compensation

NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS
AND THE SHIPBUILDERS COUNCIL OF AMERICA,
        Intervener-Plaintiff in D.C.

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 93-cv-03903)
District Judge: Honorable Joseph H. Rodriguez

Argued: June 14, 2000

Before: BECKER, Chief Judge, ALDISERT, Circuit Judge
and O'KELLEY, District Judge.*

(Filed: July 28, 2000)

_____
* Honorable William C. O'Kelley, United States District Judge for the
Northern District of Georgia, sitting by designation.

David M. Linker (argued)
Freedman & Lorry
400 Market Street
9th Floor
Philadelphia, PA 19106

 Attorney for Appellants

Shannen W. Coffin (argued)
Mark F. Horning
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

 Attorneys for private Appellees
Southern Stevedoring and
Lumbermen's Mutual

Allen H. Feldman
Nathaniel I. Spiller
Gary K. Stearman (argued)
Andrew D. Auerbach
United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

 Attorneys for Appellee
Secretary of Labor

Andrew D. Auerbach
United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

 Attorney for Appellee
Director OWCP

OPINION OF THE COURT

ALDISERT, Circuit Judge.

The issue on appeal is whether the Longshoreman and
Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C.
SS 901-950 (2000), is unconstitutional on its face because
it allows employers and their insurance carriers to
terminate payment of workers' compensation benefits
without notice. Specifically, we must decide whether
Appellant Carl Kreschollek's employer, Southern
Stevedoring Co., and its insurance carrier, Lumbermen's
Mutual Casualty Co., violated his right to due process when
it terminated his workers' compensation payments without
notice.

The Court decided a similar issue relating to state
worker's compensation benefits in American Mfr. Mut. Ins.
Co. v. Sullivan, 526 U.S. 40 (1999). The Court teaches in
Sullivan, that (1) "an insurer's decision to withhold payment
and seek utilization review of the reasonableness and
necessity of particular medical treatment is not fairly
attributable to the State," id. at 58, and (2) employees do
not have a property interest in workers compensation
benefits when they have not demonstrated that they are
entitled to them and a state statute requires that they prove
"that an employer is liable for a work-related injury, and
. . . that the particular medical treatment at issue is
reasonable and necessary." Id. at 61. We must therefore
determine whether the teachings of Sullivan apply to
LHWCA procedures and the case at bar. We hold that they
do and will affirm the judgment of the district court
dismissing Kreschollek's claim.

The district court had federal question jurisdiction
pursuant to 28 U.S.C. S 1331. This court has appellate
jurisdiction over the final decision of the district court
pursuant to 28 U.S.C. S 1291. Kreschollekfiled a timely
notice of appeal under Rule 4(a), Federal Rules of Appellate
Procedure.

The district court treated a motion brought under Rule
12(b)(6), Federal Rules of Civil Procedure, as a one for

3

summary judgment because the court looked outside the pleadings in making its decision. We review a grant of summary judgment by applying the same criteria used by the district court in the first instance. Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996). We will affirm the judgment if "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Kreschollek contends on appeal that the LHWCA is unconstitutional on its face because it allows private companies to halt workers' compensation benefits at will, when there has been no formal compensation award. The statute provides:

> (c) Notification of commencement or suspension of payment
>
> Upon making the first payment, and upon suspension of payment for any cause, the employer shall immediately notify the deputy commissioner, in accordance with a form prescribed by the Secretary, that payment of compensation has begun or has been suspended, as the case may be.
>
> (d) Right to compensation controverted
>
> If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the Secretary, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.

33 U.S.C. S 914(c), (d).

The Court has made clear, however, that a facial attack on a statute must also satisfy the same requirements as an attack on a private individual's actions: (1) the "constitutional deprivation [must be] caused by the exercise of some right or privilege created by the State or by a rule

4

of conduct imposed by the State or by a person for whom
the state is responsible, and [2] the party charged with the
deprivation must be a person who may fairly be said to be
a state actor." Sullivan, 526 U.S. at 50 (internal quotations
and citations omitted).

I.

Appellant Carl Kreschollek suffered a work-related injury
on March 20, 1990 while employed by Appellee Southern
Stevedoring Company. As a result of his injury he was
unable to work as a stevedore. His employer, Southern
Stevedoring, and its insurer, Appellee Lumbermen's Mutual
Casualty Company, voluntarily initiated disability
payments. Southern and Lumbermen's filed a Form LS-206
(payment of compensation with award) informing the
district director of the Office of Workers Compensation
Programs ("OWCP") that they voluntarily began making
payments to Kreschollek. See 33 U.S.C. S 914(a). On
October 29, 1992, Appellees stopped making the
compensation payments and, pursuant to 33 U.S.C.
S 914(c), (d), filed notice of their decision with the district
director. The director then sent Kreschollek a notice on
November 2, 1992 that Appellees terminated his benefits
because he was fit to return to work.

Kreschollek contested the termination of compensation
payments and, on November 24, 1992, he requested that
the district director hold an informal conference with the
parties pursuant to 20 C.F.R. S 702.261 ("Where the
claimant contests an action by the employer . . .
terminating benefits . . . he should immediately notify the
office of the district director . . . and set forth the facts
pertinent to his complaint."). The director conducted the
conference on December 16, 1992, but the parties were
unable to resolve their differences. On January 7, 1993,
Kreschollek filed a pre-hearing statement and a request for
the director to transfer the case for a formal hearing before
a Department of Labor Administrative Law Judge. The ALJ
held a hearing in December 1993, in which he agreed with
the employer and determined that the benefits termination
was proper. Kreschollek unsuccessfully petitioned the
Benefits Review Board for review of the ALJ's decision. We

denied the petition for review. See Kreschollek v. Southern Stevedoring Co., 129 F.3d 1255 (3d Cir. 1997) (table cite).

On December 2, 1993, while his appeal was underway, Kreschollek filed a complaint in the district court alleging that Appellees violated his rights to due process and equal protection when they suspended payment of compensation benefits to him without first affording him notice or a hearing. He also facially attacked the LHWCA, contending that the provisions of the Act that permit private employers and their insurers to suspend the voluntary payment of compensation benefits violated his Fifth Amendment due process rights. The district court granted the director's motion to dismiss for lack of subject-matter jurisdiction to consider a constitutional challenge to LHWCA procedures, but on appeal we reversed the dismissal and held that the district court possessed the necessary jurisdiction. See Kreschollek v. Southern Stevedoring Co., 78 F.3d 868 (3d Cir. 1996).

The director again renewed his motion to dismiss, but in an opinion filed September 30, 1997, relying on Barksalary v. Smith, 579 F. Supp. 218 (E.D. Pa. 1984), the district court denied the motion. The court ruled that the private Appellees were "state actors" as a result of their purported "joint participation" with federal officials in the suspension of benefits and that Kreschollek had a protected property interest in the continuation of benefits.

All of these proceedings took place before March 1999, when the Court handed down its decision in Sullivan, which held there is no state action when an employer terminates voluntary payment of benefits, 526 U.S. at 51, and that an employee has no property interests in unadjudicated benefits under a Pennsylvania workers' compensation statute. 526 U.S. at 59-61. The district court subsequently withdrew its decision and filed a new judgment on June 26, 1999 in which it held that withdrawal of benefits by the employer was not state action and that Kreschollek did not have a property interest in the continued receipt of benefits. Dist. Ct. Op. at 6. Kreschollek now appeals.

II.

We believe that the Court's teachings in Sullivan control this case. In that case the plaintiffs filed suit under 42 U.S.C. S 1983 against various Pennsylvania officials, a self-insured public school district and a number of private workers' compensation insurers, alleging that the withholding of benefits without notice and an opportunity to be heard deprived them of property in violation of due process. Pennsylvania law permits insurers to delay paying a medical bill under the workers' compensation act until a review has been made of the claim to ensure that it is medically necessary. The insurer is required tofile a form with the state Workers' Compensation Bureau requesting a utilization review of the procedure. The Bureau makes no attempt to address the legitimacy of the request, but rather simply ensures the form was filled out correctly before forwarding the request to a randomly selected utilization review organization.

The Court held that the respondent satisfied thefirst requirement of showing a violation of due process because "it may fairly be said that private insurers act with the knowledge of and pursuant to the state statute . . .." Sullivan, 526 U.S. at 50 (internal quotations omitted). The Court explained, however, that the respondents failed to establish the second requirement inasmuch as "the party charged with the deprivation [was not] a person who may fairly be said to be a state actor." Id. (internal quotations and citations omitted). Because the decision to refuse payment was made by the insurer alone without state approval or standards, there was no state action. The Court identified "the specific conduct of which the plaintiff complains [as] a private insurer's decision to withhold payment for disputed medical treatment." Id. at 51 (internal citations and quotations omitted). The Court determined that "[t]he decision to withhold payment . . . is made by concededly private parties, and turns on judgments made by private parties without standards established by the State." Id. at 52 (internal quotations and citations omitted). The Court described the process as one where the state purposefully did not become involved in the dispute:

7

The State's decision to allow insurers to withhold payments pending review can just as easily be seen as state inaction, or more accurately, a legislative decision not to intervene in a dispute between an insurer and an employee over whether a particular treatment is reasonable and necessary.

Id. at 53 (internal citations omitted).

A.

The benefit suspension provision of the LHWCA is an analogue to the Pennsylvania worker's compensation statute. It provides that the insurer may suspend the payment of benefits "for any cause" whatsoever. 33 U.S.C. S 914(c). Moreover, the notice of benefits termination afforded to a district director is not a "request" for anything; it is purely an administrative function and is not even reviewed for procedural correctness.1 The specific conduct Appellant complains of is "a private insurer's decision to withhold payment for disputed medical treatment." Id. at 51. The Act provides:

> If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the Secretary, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.

33 U.S.C. S 914(d).

_____

1. The Department of Labor substituted the designation "district director" for the statutory term "deputy commissioner" in 1990.

> Wherever the statute refers to Deputy Commissioner, these regulations have substituted the term District Director. The substitution is purely an administrative one, and in no way effects the authority of or the powers granted and responsibilities imposed by the statute on that position.

20 C.F.R. 702.105. We use the designation "district director."

8

In the Pennsylvania plan a form is filed with the Worker's Compensation Bureau of the Department of Labor and Industry. Upon filing the form, an insurer may withhold payment to health care providers for the particular services being challenged. The Bureau then notifies the parties that utilization review has been requested and forwards the request to a "utilization review organization" (URO). If the URO finds in favor of the insurer, the employee then may appeal to a worker's compensation judge for a de novo review. See Sullivan, 526 U.S. at 46–47.

Under provisions of the LHWCA, upon receipt of notice than an employer has disputed its liability under the Act or that it has suspended payment, the district director must attempt to resolve the parties' disagreement.2 The district director typically holds an informal conference and embodies any agreement reached through the conference in an enforceable written memorandum. 20 C.F.R. S 702.315(a). If the parties do not reach agreement at the informal conference or if no conference is held, then the district director will transfer the case to the Office of the Chief Administrative Law Judge for a formal evidentiary hearing. 33 U.S.C. S 919(c)–(d); 20 C.F.R.S 702.301, .316. After conducting a hearing, the ALJ makes findings of fact and conclusions of law and issues an enforceable compensation order, which is filed with the district director. 33 U.S.C. S 919(c); 20 C.F.R. S 702.348–.349. The government becomes active only after "concededly private

_____

2. The Act provides:

> The deputy commissioner (1) may upon his own initiative at any time in a case in which payments are being made without an award, and (2) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties.

33 U.S.C. S 914(h).

parties" choose to terminate payment of workers compensation benefits. See Sullivan, 526 U.S. at 52.

Thus, the similarities are clear and apparent when we examine the essential Pennsylvania and LHWCA procedures prior to submission to a state worker's compensation judge or a federal ALJ.

B.

Additionally, provisions governing suspension of benefits payments under the LHWCA and those under the Pennsylvania statute are analogous. The Director OWCP does not set standards for halting disability payments nor approves their termination. The statute provides: "Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." 33 U.S.C. S 914(a). The director merely receives notice and attempts to mediate disputes. There is no state action resulting from "a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials." Sullivan, 526 U.S. at 54.

We therefore reject Appellant's contention that because there is pervasive regulation of workers' compensation by the LHWCA there is necessarily state action. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974). As in Sullivan, the actions taken by Appellant's employers cannot be fairly attributed to the federal government because there is no federal government action involved in an insurer's unilateral decision to terminate benefits. 526 U.S. at 51. The government, therefore, did not deny Appellant's rights secured by the due process clause.

* * * * *

In the view we take it is not necessary to reach other issues presented by the parties. The judgment of the district court will be affirmed.

10

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

                        11